DYK, Circuit Judge,
with whom WALLACH and HUGHES, Circuit Judges, join, dissenting from the denial of rehearing en banc.
I join Judge Lourie’s dissent. I write separately to point out that this ease also *1010 presents a predicate question of whether the “financial product or service” issue is appealable under the AIA. In Versata Development Group, Inc. v. SAP America, Inc., 793 F.3d 1306, 1323 (Fed. Cir. 2015), a panel of this court held that the issue was appealable. Subsequent panels, bound by Versata, have reached the same result.[1] In my view, Versata wrongly held that the appeal bar does not apply to the question of whether the Board correctly determined that a patent is CBM-eligible because it involves a “financial product or service.” Such reviews are inconsistent with the statute as interpreted in Cuozzo Speed Technologies, LLC v. Lee, — U.S.—, 136 S.Ct. 2131, 195 L.Ed.2d 423 (2016), which held that the appeal bar in Section 314(d), identical to the appeal bar here, precludes review.[2]
I
AIA § 18(a)(1) provides that CBM proceedings “shall be regarded as, and shall employ the standards and procedures of, a post-grant review.” The post-grant review (“PGR”) provisions, in turn, provide that “[t]he determination by the Director whether to institute a post-grant review under this section shall be final and nonap-pealable.” 35 U.S.C. § 324(e). Section 18(a)(1) thus bars review of the decision to institute review of a CBM patent. That decision to institute includes the issue of whether the patent is a covered business method patent. The statute provides that “[t]he Director may institute a [CBM] proceeding only for a patent that is a covered business method patent.” AIA § 18(a)(1)(E) (emphasis added). A patent is a covered business method patent if it “claims a method or corresponding apparatus for performing data processing or other operations used in the practice, administration, or management of a financial product or service, except that the term does not include patents for technological inventions.” AIA § 18(d)(1).
Based on the plain language of 35 U.S.C. § 324(e) and AIA § 18(a)(1)(E), it is my view that the appeal bar precludes review of the institution decision, including whether the financial product or service requirement is satisfied. Whether a patent qualifies as a CBM is necessarily part of the institution decision that is non-appealable.
II
This court addressed the § 324(e) appeal bar in Versata before the Supreme Court’s decision in Cuozzo. The panel held that § 324(e) does not bar our review of the Board’s determination that a patent is CBM-eligible, because the court is reviewing “the ultimate authority of the PTAB to invalidate a patent ... [and] the restriction of [this authority in] § 18 to CBM patents.” Versata, 793 F.3d at 1319. Versata concludes that even where CBM-eligibility is determined exclusively at the institution stage, this somehow permeates into the final written decision and, in turn, implicates PTAB authority, so that § 324(e) does not bar review.[3] It seems to *1011 me that Versata’s reasoning is inconsistent with Cuozzo, which interpreted the same language in § 314(d).
First, Cuozzo specifically holds that the appeal bar is not limited to interlocutory appeals, and that we are thus not “free to review the initial decision to institute review [even] in the context of the agency’s final decision.” 136 S.Ct. at 2140.
Second, Cuozzo directly holds that the appeal bar encompasses questions of statutory authority. Cuozzo’s challenge, which the Supreme Court deemed barred, presented the question of whether the Board exceeded its statutory authority by instituting IPR in violation of § 312(a)(3) because there was no valid IPR petition. The statutory authority questions that are barred are thus “closely tied” to the decision to institute. Cuozzo teaches that the appeal bar
applies where the grounds for attacking the decision to institute ... consist of questions that are closely tied to the application and interpretation of statutes related to the Patent Office’s decision to initiate review. This means that we need not, and do not, decide the precise effect of [the appeal bar] on appeals that implicate constitutional questions, that depend on other less closely related statutes, or that present other questions of interpretation that reach, in terms of scope and impact, well beyond “this section.”
136 S.Ct. at 2141 (citation omitted). Because the “Director may institute a [CBM] proceeding only for a patent that is a covered business method patent,” AIA § 18(a)(1)(E) (emphasis added), determining what is a CBM is not only “closely tied” to the institution decision, but is expressly part of the institution decision itself. Indeed, it would be difficult to see how the CBM review program, as a five-part statute — where the requirement for institution is discussed in Section (a) and the definition for what is a CBM is discussed in Section (d) — can be read as separating the institution decision from the definition of what is a covered business method patent. The two are not just “closely tied,” but are inextricably intertwined.
Third, as here, an institution decision that determines whether a patent involves a financial product or service is well within the appeal bar. It does not constitute the “shenanigans” that Cuozzo held could be appealed, where
the agency ... aet[s] outside its statutory limits by, for example, canceling a patent claim for indefiniteness under § 112 in inter partes review. Such shenanigans may be properly reviewable ... [and the] reviewing courts [can] set aside agency action that is ... in excess of statutory jurisdiction.
136 S.Ct. at 2141-42 (quotation marks and citations omitted). This passage cannot mean that every statutory authority issue is reviewable, since the Court specifically held that the statutory limit of § 312(a)(3) is not appealable. Rather, the Supreme Court appears to deem reviewable “shenanigans” to concern, for example, agency reliance on grounds for invalidation other than those permitted by the statute, since those grounds necessarily carry forward to the final written decision.
In light of Cuozzo, my view is that Ver-sata is wrong in holding that the § 324(e) appeal bar does not preclude our review of the Board’s determination of what is a *1012 CBM patent, and that, therefore, the issue here was non-appealable.

. Unwired Planet, LLC v. Google Inc., 841 F.3d 1376, 1379 (Fed. Cir. 2016); Blue Calypso, LLC v. Groupon, Inc., 815 F.3d 1331, 1338 (Fed. Cir. 2016); SightSound Techs., LLC v. Apple Inc., 809 F.3d 1307, 1314 (Fed. Cir. 2015).

. I note that our court is currently considering the scope of Cuozzo as presented in Wi-Fi One, LLC v. Broadcom Corp., No. 2015-1944 (en banc), which relates to whether Achates Reference Publishing, Inc. v. Apple Inc., 803 F.3d 652 (Fed. Cir. 2015), should be overruled. Achates held that the one-year time bar of § 315(b) is subject to the § 314(d) appeal bar. 803 F.3d at 658.

.Specifically, the Versata panel found that "[(Institution and invalidation are two distinct actions,” and that these distinct stages of a post-grant review “do not become the same just because the agency decides certain issues *1011 at both stages of the process. Nor do they become the same just because the agency chooses ... to decide an issue determining final-action authority at the initiation stage and then does not revisit the issue later.” Versata, 793 F.3d at 1319 (emphasis added).